IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIAM T. TACKER, II                                                          MOVANT

v.                                                                 No. 1:09CR40-GHD-DAS

UNITED STATES OF AMERICA                                                    RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the motion of William T. Tacker, II to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### Facts and Procedural Posture

William T. Tacker and his business partner Max Speight were charged in a ten-count indictment alleging that the pair, aiding and abetting each other, submitted fraudulent claims to the United States Department of Agriculture to obtain money under the federal government's Bioenergy Program, all in violation of Title 15, U.S.C. § 714m. Speight pled guilty before trial and agreed to testify against Tacker. Tacker proceeded to trial on February 22, 2010, and was convicted on all ten counts. On July 28, 2010, Tacker was sentenced to 60 months in prison and ordered to pay restitution of approximately $2.88 million. Tacker appealed his conviction to the Fifth Circuit, which affirmed the conviction on July 28, 2011. On September 24, 2012, Tacker filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### Standard for Relief Under 28 U.S.C. § 2255

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C.

§ 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under § 2255 is consistent with that of the writ of *habeas corpus*. *Cates*, 952 F.2d at 151. One seeking relief under 28 U.S.C. § 2255 may not test the legality of matters that should have been raised on direct appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A defendant is barred from raising constitutional claims for the first time on collateral review unless he demonstrates a cause for failing to raise the issue on direct appeal – and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor *external* to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991) (emphasis added). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979). Similarly, a motion brought under § 2255 cannot be used as a substitute for a direct appeal. *See United States v. Addonizio*, 442 U.S. 178 (1979). In general, relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights – and for a narrow range of claims that could not have been raised on direct appeal. *See United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

## Tacker's § 2255 Claims

In the instant § 2255 motion, Tacker presents the following claims for relief: (1) counsel should have called various witnesses to rebut the testimony of his codefendant, Max Speight; (2) at trial, counsel failed to introduce into evidence exculpatory exhibits turned over by the government during discovery; (3) counsel failed to investigate and use Tacker's alleged condition of acalculia in an effort to exculpate him; and (4) during Tacker's prosecution, the government should have been

estopped from introducing evidence regarding the failure of Tacker's company, BioDiesel of Mississippi, Inc. ("BioDieseel, Inc."), to produce any biodiesel or purchase any soybean oil because, during prior bankruptcy proceeding, the government had asserted that the company purchased large quantities of soybean oil and produced large quantities of biodiesel.

## Ineffective Assistance of Counsel

In his claims for relief, Tacker argues that counsel rendered constitutionally ineffective assistance. The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to his defense. Under the deficiency prong of the test, a defendant must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the defendant must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

## Trial Strategy

Tacker's argument attacks his counsel's trial strategy, including the decision regarding which witnesses to call and which documents to offer into evidence. In evaluating whether counsel's trial performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's

- 3 -

conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. A deficiency in counsel's performance, even if professionally unreasonable, does not rise to the level of ineffective assistance of counsel unless the petitioner also demonstrates actual prejudice from the deficient performance. *Id.*, at 691-692. The test's prejudice prong requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694. Strategic decisions by counsel are nearly unchallengeable – and generally do not provide a basis for *habeas corpus* relief on the grounds of ineffective assistance of counsel. *See Strickland*, 460 U.S. at 689; *McCotter v. Lyons*, 770 F.2d 529, 533 (5th Cir. 1985).

### Grounds One and Two: Failure to Call Various Witnesses and Introduce Various Documents into Evidence

In general, the decision to call witnesses is a trial strategy – and lies within trial counsel's discretion. *United States v. Harris*, 408 F.3d 186, 190 (5th Cir. 2005), *cert. denied*, 546 U.S. 919, 126 S.Ct. 297 (2005); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Complaints about the failure to call witnesses are disfavored on post-conviction collateral relief because allegations of potential testimony are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). As a result, the court must view such claims with skepticism, particularly when the only evidence of a witness' purported testimony is from the defendant. *Id.* The defendant must show that the testimony would have been favorable – and that the witness would actually have testified at trial. *Alexander*, 775 F.2d at 602. "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the contents of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day*, 566 F.3d at 538; *Alexander v.*

*McCotter*, 775 F.2d at 602 (to demonstrate error, or ineffective assistance of counsel, the petitioner must prove that a witness's testimony would have helped him, and that the witness would have testified to certain facts or information at trial).

In the present case, Tacker argues that defense counsel should have investigated eight witnesses whom codefendant Speight had defrauded in an effort to undermine his testimony at trial. He also argues that counsel should have introduced various documents the government turned over in discovery. Tacker has not, however, identified the witnesses or the nature of the alleged fraud; nor has he identified the purportedly exculpatory documents. He has not provided affidavits from any of the witnesses summarizing their testimony. He has not summarized the documents and shown how they would have benefitted his defense. In short, Tacker has not provided any of the information necessary to support his claim that defense counsel should have called these unidentified witnesses or introduced the unidentified documents. For these reasons, Tacker's claims in Ground One and Two of the instant motion will be denied.

### Ground Three: Failure to Introduce Evidence of Tacker's Purported Condition of Acalculia

Tacker argues in Ground Three that he suffers from a condition known as acalculia, which he developed after a brain injury. Those who suffer from the condition are unable to perform basic arithmetic tasks – or understand or manipulate numbers. Thus, Tacker argues that he could not discern that the amount of biodiesel produced was less than that reported. However, as the government points out, its position was that BioDiesel, Inc. produced essentially no biodiesel product – and purchased essentially no soybean oil. The government established this fact through evidence introduced at trial. However, Tacker's company, BioDiesel, Inc., reported during the relevant time period that it had purchased and produced these products in vast quantities – hundreds of thousands of gallons. Even someone with very limited mathematical ability could distinguish between hundreds of thousands of

gallons and empty tanks. Defense counsel could easily have decided that introducing such evidence would have damaged Tacker's credibility in the eyes of the jury and, as a matter of strategy, opted not to explore the issue. As such, Tacker has not shown that counsel rendered deficient assistance in deciding not to do so.

## Ground Four: Estoppel

In Ground Four, Tacker alleges that counsel should have argued that the government took contrary positions in two different cases – first in a bankruptcy proceeding involving BioDiesel, Inc., then during Tacker's criminal case. In the bankruptcy proceeding, after an audit by the Internal Revenue Service, the government argued that BioDiesel, Inc. owed some $600,000 in federal taxes, largely unpaid excise taxes on the biodiesel it reportedly produced. The government's position was thus based largely on BioDiesel, Inc.'s false representations regarding biodiesel production. Thus, the government's position during the bankruptcy proceeding was based upon Tacker's dishonesty.

On the other hand, the government's prosecution of Tacker was based upon an actual investigation by the United States Department of Agriculture, Office of the Inspector General (not Tacker's dishonest reporting), which showed that the company's reports of production and sale of biodiesel were fraudulent. Tacker cannot use his dishonesty during the bankruptcy proceeding (upon which the government based its first position) – as a shield during his criminal prosecution. Trial counsel could well have decided that the stark contrast between the vast fuel production he reported in the bankruptcy proceeding – and the proof showing essentially no production – would have damaged Tacker's defense. Such a strategic decision falls well within the scope of counsel's discretion, and the court will not second-guess the decision in hindsight. Again, Tacker has shown neither that counsel's performance was deficient, nor that the outcome of the proceedings would have been different if counsel had chosen the path Tacker believes counsel should have taken. As such, this final claim for relief is without merit and will be denied.

## Conclusion

In sum, for the reasons set forth above, the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of August, 2014.

_____
SENIOR JUDGE