IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:09-cr-00040-GHD-DAS-1

WILLIAM T. TACKER, II  DEFENDANT

MEMORANDUM OPINION DENYING DEFENDANT WILLIAM T. TACKER, II'S
MOTION TO TERMINATE SUPERVISED RELEASE

Presently before the Court is the Defendant William T. Tacker, II's motion to terminate supervised release [119]. Upon due consideration, the Court finds that the motion is not well taken for the reasons stated below.

On February 24, 2010, a jury found the Defendant guilty on one count of aiding and abetting in defrauding the government, eight counts of aiding and abetting in making false statements to receive government funds, and one count of aiding and abetting in fraudulently receiving government funds. On July 28, 2010, the Court sentenced the Defendant to 60 months imprisonment on each count to be served concurrently, followed by 3 years of supervised release on each count to be served concurrently. In addition, the Court ordered the Defendant to pay a special assessment of $1,000 and restitution in the amount of $2,888,175.53. The Defendant appealed his conviction to the Fifth Circuit Court of Appeals which upheld his conviction. On November 24, 2014, the Defendant was released from custody and began his term of supervision. On February 24, 2016, after the Defendant had been on supervised release for approximately 1 year and 3 months, the Defendant filed the present motion for early termination of supervised release. The Defendant maintains he has fulfilled all the conditions of his probation and supervised release; in particular, he states that he has been steadily and

1

continuously employed since his release to a half-way house on May 27, 2014, and that he has made all monthly restitution payments required of him. He also states that he has submitted his monthly reports in a timely manner and has undergone the required drug tests, which have all indicated negative results. The Defendant maintains that he does not request any relief from the restitution required as a part of his sentence.

"The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000). A defendant may file a motion for early termination of a term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). *See Pepper v. United States*, 562 U.S. 476, 502, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011). A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after consideration of the factors in 18 U.S.C. § 3553. 18 U.S.C. § 3583(e)(1). These factors are:

> 1. the nature and circumstances of the offense and the history and characteristics of the defendant;
> 2. the need for the sentence imposed to afford adequate deterrence to criminal conduct;
> 3. the need for the sentence imposed to protect the public from further crimes of the defendant;
> 4. the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 5. the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated;
> 6. pertinent policy statements by the Sentencing Commission;

> 7. the need to avoid unwarranted sentence disparities among defendant with similar records who have been guilty of similar conduct; and
> 8. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D, (a)(4), (a)(5), (a)(6), and (a)(7). "The statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). "Courts have generally held that something more than compliance with the terms of [supervised release] is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Arledge*, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *1 (S.D. Miss. June 3, 2015) (internal citation and quotation marks omitted).

With respect to the first factor, the nature and circumstances of the offense and the history and characteristics of the defendant, the Defendant argues that this Court "should[] consider the circumstances and quality of the evidence upon which [his] conviction was based," particularly the testimony at the trial which resulted in his convictions. This argument is improper at this juncture and has been addressed by the Fifth Circuit on the Defendant's direct appeal of his jury convictions.[1] The Defendant further argues with respect to the first factor *inter alia* that prior to the instant convictions he had no felony convictions nor questionable business dealings.

With respect to the second and third factors, the Defendant argues that his term of incarceration afforded him adequate deterrence to any future criminal conduct and that "no crime

---

[1] In his direct appeal, the Defendant challenged the sufficiency of the evidence presented at trial; the Fifth Circuit affirmed the judgment against the Defendant. *See United States v. Tacker*, 434 F. App'x 399 (5th Cir. 2011) (per curiam).

3

is worth losing another day of freedom." The Defendant concedes that the fourth and seventh factors do not apply in his case and that he concedes with respect to the fifth factor that he was appropriately sentenced in this case. With respect to the sixth factor, the Defendant cites a publication by the United States Sentencing Commission stating that certain offenders granted early termination of supervised release posed no more risk to the community than offenders who served a complete supervised release term. With respect to the eighth factor, the Defendant maintains that does not anticipate he can pay off his restitution in his lifetime, but that he is seeking recovery from his co-defendant, H. Max Speight, in a lawsuit, and expects that "any recovery received by [the Defendant] would inure to the benefit of the Government in restitution."

After conferring with the United States Probation Service, the Court finds that the Defendant's motion should be denied. The Defendant is under an order to pay restitution of $2,888,175.53 and to provide monthly reports to his United States Probation officer about his pending litigation against Speight. He is currently paying $370.00 monthly toward his restitution. The Court finds that the Defendant's need to pay restitution in this case is great and that he has not shown he is otherwise qualified for early termination of his term of supervised release.

The Defendant should continue to cooperate with the United States Probation Service during this time.

For all of the foregoing reasons, the Defendant William T. Tacker, II's motion to terminate supervised release [119] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 16th of March, 2016.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE