IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 1:09-cr-00040-GHD-DAS-1

WILLIAM T. TACKER, II                                                              DEFENDANT

<u>MEMORANDUM OPINION GRANTING DEFENDANT WILLIAM T. TACKER, II'S
MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>

Presently before the Court is Defendant William T. Tacker, II's motion for leave to appeal *in forma pauperis* [122]. Upon due consideration, the Court finds that the motion should be granted.

"[Title] 28 U.S.C. § 1915(a) authorizes a court to allow an appeal of any suit, civil or criminal, 'without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.' " *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982) (quoting 28 U.S.C. § 1915(a)(1)). "Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Although the statute explicitly refers to "prisoners," it is properly applied in rulings on both prisoner and nonprisoner *in forma pauperis* motions. *See Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009) (per curiam) (citing *Kuylen v. Whitfield*, 244 F.3d 137, 2000 WL 1901635, at *1 (5th Cir. 2000) (Table)). "A movant seeking leave to proceed IFP on appeal must demonstrate that she is a pauper and that her appeal is taken in good faith, i.e., that she will raise a nonfrivolous issue on appeal." *Winsley v. Fed. Exp. Corp.*, 393 F. App'x 145, 146 (5th Cir. 2010) (per curiam) (citing Fed. R. App. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th

1

Cir. 1982)). "To establish financial eligibility to proceed IFP, a movant need not show absolute destitution." *Id.* (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948)). "The central question is whether the movant can afford the costs of a particular litigation without undue hardship or deprivation of the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339–40, 69 S. Ct. 85). The Court's "inquiry into whether the appeal is taken in good faith 'is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous).' " *See Cooper v. Dall. Police Ass'n*, 609 F. App'x 213, 213 (5th Cir. 2015) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted)). "[F]ederal law has made an appeal from a district court's judgment of conviction in a criminal case what is, in effect, a matter of right." *United States v. Pineda-Arrellano*, 492 F.3d 624, 627 (5th Cir. 2007) (citing *Coppedge v. United States*, 369 U.S. 438, 441, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962) (citing 28 U.S.C. §§ 1291, 1294; Fed. R. Crim. P. 37(a)); *cf. Carroll v. United States*, 354 U.S. 394, 400–01, 77 S. Ct. 1332, 1 L. Ed. 2d 1442 (1957)).

In the present motion, Defendant states that he wishes to appeal the Court's denial of his motion to terminate supervised release [119], and that he is unable to pay the filing fee for such an appeal. Defendant's appeal is proper, as the Fifth Circuit allows challenges to the validity of conditions of supervised release by those who are currently on supervised release. *United States v. Goyette*, 446 F. App'x 716, 717 (5th Cir. 2011) (per curiam) (citing *United States v. Insaulgarat*, 289 F. App'x 738, 739–41 (5th Cir. 2008) (per curiam)). In support of the present motion, Defendant submits an affidavit representing that his household income is $1,600 per month and his monthly expenses are approximately $1,498, including $500 for rent or home-mortgage payment; $150 for utilities; $400 for food; $48 for homeowner's or renter's insurance;

2

$50 for household necessities; $50 for clothing; $200 for transportation; and $50 for recreation, entertainment, newspapers, magazines, etc. He further represents that he has no cash or money in bank accounts or another financial institution and that his only asset is a Ford F-150. The Court finds that Defendant has demonstrated that he cannot "afford the costs of a particular litigation without undue hardship or deprivation of the necessities of life." *See Winsley*, 393 F. App'x at 146. Thus, he has shown he is indigent under the law and should be granted *in forma pauperis* status for the purpose of filing his appeal. *See Saunders, ex parte*, 275 U.S. 507, 5047, 48 S. Ct. 158, 72 L. Ed. 397 (1927); *Castillo v. Self*, 350 F. App'x 957, 958 (5th Cir. 2009) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)).

ACCORDINGLY, Defendant William T. Tacker, II's motion for leave to appeal *in forma pauperis* [122] is GRANTED.

An order in accordance with this opinion shall issue this day.

THIS, the 25th day of April, 2016.

_____
SENIOR U.S. DISTRICT JUDGE